IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHPOR GHOBADI,<br><br>        Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>        Respondent.<br>_____/ | No. C 09-2459 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNEXHAUSTED; AND REQUIRING PETITIONER'S ELECTION REGARDING MIXED PETITION |

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising four claims.  In an Order dated February 23, 2010, the Court ordered Respondent to show cause why the petition should not be granted.

    Before the Court is Respondent's motion to dismiss the petition for failure to exhaust state court remedies (docket no. 12).  Petitioner did not file an opposition to the motion.

## LEGAL STANDARD

    Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254 (b), (c); <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982).

    The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity "to give the state the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal

rights." Picard v. Connor, 404 U.S. 270, 275 (1971)(citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. Id.; Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003)(en banc). A federal district court must dismiss a federal petition containing any claim as to which state remedies have not been exhausted. Rhines v. Webber, 544 U.S. 269, 273-74 (2005).

## DISCUSSION

Petitioner raises four claims in his petition: (1) the sentence was cruel and unusual; (2) insufficient evidence supports his conviction on all counts; (3) Petitioner was improperly prevented from presenting evidence; and (4) the trial court should have imposed concurrent rather than consecutive sentences. Respondent argues that Petitioner has filed a "mixed petition" containing one exhausted claim and three unexhausted claims. Respondent, therefore, asks the Court to dismiss the petition.

There is no dispute that Petitioner "fairly presented" claim three to the California Supreme Court in his petition for review; therefore, it is an exhausted claim. (Mot. to Dismiss at 3, Ex. B.) However, the other claims were not included in his petition for review. (Id., Ex. B.) There is no evidence that the California Supreme Court had a fair opportunity to rule on the merits of claims one, two[1] and four. (Id.) Thus, Petitioner has

---

[1] Petitioner argued insufficient evidence as to count two and counts five through eight in his petition for review; therefore, his claim of insufficient evidence as to counts one, three and four was not "fairly presented" to the California Supreme Court.

2

filed a "mixed petition" composed of one exhausted claim and three unexhausted claims.

A district court must dismiss "mixed petitions" containing both exhausted and unexhausted claims. <u>Rose</u>, 455 U.S. at 522. Before entering a judgment of dismissal, however, a district court must provide a petitioner with an opportunity to amend the "mixed petition" by striking his unexhausted claims. <u>Jefferson v. Budge</u>, 491 F.3d 1013, 1016 (9th Cir. 2005) (citing <u>Rhines</u>, 544 U.S. at 277 (2005). Alternatively, a court may stay the "mixed petition" while the petitioner returns to state court to exhaust the unexhausted claims. <u>Rhines</u>, 544 U.S. at 277.

Accordingly, Petitioner may chose either to (1) amend his petition by deleting his unexhausted claims and proceed only with his exhausted claim or (2) request a stay of his petition while he exhausts his unexhausted claims in state court. Petitioner is advised, however, that if he strikes the unexhausted claims and proceeds only with the exhausted claim, the abuse of writ doctrine will bar him from raising the unexhausted claims in future federal habeas proceedings. If Petitioner exhausts his unexhausted claims by way of a state habeas petition, Petitioner may then return to federal court on all of his exhausted claims.

Within <u>fourteen (14) days</u> of the date of this Order, Petitioner must submit a request to dismiss his unexhausted claims and proceed with his exhausted claim (claim three) or a request to stay the petition while he returns to state court to exhaust his unexhausted claims. If he does neither, the Court will dismiss the petition for failure to exhaust state judicial remedies.

3

This Order terminates Docket no. 12.

IT IS SO ORDERED.

Dated: 12/9/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SHAHPOR GHOBADI,

      Plaintiff,

v.

STATE OF CALIFORNIA et al,

      Defendant.

Case Number: CV09-02459 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shahpor Ghobadi F-18677
CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY (5242)
P.O. BOX 5242
CORCORAN, CA 93212-5242

Dated: December 9, 2010

                                    Richard W. Wieking, Clerk
                                    By: Nikki Riley, Deputy Clerk