IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHPOR GHOBADI,<br><br>    Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA, Warden,<br><br>    Respondent.<br>_____/ | No. C 09-02459 CW (PR)<br><br>ORDER STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY |

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising four claims.  In an Order dated February 23, 2010, the Court ordered Respondent to show cause why the petition should not be granted. Thereafter, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies.

    In an Order dated December 9, 2010, the Court granted Respondent's motion to dismiss the petition and directed Petitioner to make an election regarding how he wanted to cure the problem of the unexhausted claims.  Petitioner was instructed to submit (1) a request to dismiss his unexhausted claims and proceed with his exhausted claim (claim three) or (2) a request to stay the petition while he returns to state court to exhaust his unexhausted claims.

    On December 23, 2010, Petitioner submitted a request "for a stay until the unexhausted claims (1, 2, 4) are exhausted in state court."  (Pet'r Letter dated Dec. 20, 2010 at 1.)

    Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule

on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Petitioners may seek a stay of the petition pursuant to Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), under which a prisoner may file a protective petition in federal court and ask the court to stay federal habeas proceedings until all state remedies are exhausted. District courts have the authority to issue stays, and the habeas statute does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-278 (2005). A stay is appropriate where the district court determines that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious. Id.; see also Pace, 544 U.S. at 416.

Here, it appears that good cause exists for Petitioner's failure to exhaust his claims on direct appeal because his claims could be raised by way of state habeas corpus. Moreover, the claims state cognizable bases for federal habeas relief. This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes. See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be

granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). Accordingly, the Court GRANTS Petitioner's request for a stay.

These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies. Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted. He must file quarterly reports describing the progress of his state court proceedings, commencing <u>thirty (30) days</u> from the date of this Order and continuing every <u>ninety (90) days</u> thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the claims.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within <u>thirty (30) days</u> of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims.

This Order terminates Docket no. 16.

IT IS SO ORDERED.

Dated: 1/6/2011

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SHAHPOR GHOBADI,

        Plaintiff,

v.

STATE OF CALIFORNIA et al,

        Defendant.

Case Number: CV09-02459 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shahpor Ghobadi F-18677
CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY (5242)
P.O. BOX 5242
CORCORAN, CA 93212-5242

Dated: January 7, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk